IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI HICKS, ) | No. CV-F-08-207 OWW/TAG |
| ) | |
| ) | ORDER DENYING PLAINTIFF'S |
| ) | PETITION FOR REMOVAL AND |
| Plaintiff, ) | APPLICATION FOR PRELIMINARY |
| ) | INJUNCTION AND TEMPORARY |
| vs. ) | RESTRAINING ORDER |
| ) | |
| ) | |
| SUPERIOR COURT OF CALIFORNIA, ) | |
| COUNTY OF KERN; U.S. BANK; ) | |
| OCWEN FINANCIAL CORPORATION, ) | |
| et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

On February 11, 2008, Plaintiff Traci Hicks, proceeding *in pro per*, filed a pleading headed "United States District Court Central District of California" and captioned:

      UNITED STATES DISTRICT COURT

      NOTICE OF PETITION AND VERIFIED PETITION FOR
      WARRANT OF REMOVAL BY THREE-JUDGE PANEL: 28
      U.S.C. SECTION 1441(A), COMPLAINT FOR DAMAGES
      WRONGFUL FORECLOSURE, CONVERSION, QUIET TITLE
      TO REAL PROPERTY; INJUNCTIVE RELIEF
      22 U.S.C. § 282f

Defendants are the Superior Court of California, County of Kern,

1

U.S. Bank, Ocwen Financial Corporation (Ocwen), and Does 1-20. This pleading is coupled with an Application for Preliminary Injunction and Temporary Restraining Order.

In the Complaint, Hicks alleges that she is a resident of California, that "Defendant U.S. BANK is, and at all times herein mentioned was a Foreign Corporation based in Minnesota, and as such, not a California based corporation", and that "Defendant Ocwen Loan servicing is also a foreign corporation with its principle place of business in the State of Florida."[1]  The Complaint alleges that she is and was "the owner and/or entitled to possession of property located at 13200 Induran Dr., Bakersfield, California; that, sometime prior to September 1, 2007, Ocwen began foreclosure proceedings against Hicks' residence; that, on September 1, 2007, U.S. Bank and Ocwen served a Notice of Trustee's Sale on Hicks; that neither had the capacity to initiate that action because neither owned the mortgage on Hicks' residence; and that "[o]n or about 3 December 07, both U.S. BANK AND OCWEN did wrongfully foreclosed [sic] on the Plaintiff's residence, sold same to a third party, and that

---

[1] The Complaint also cites 22 U.S.C. § 282f and asserts that this Court has original jurisdiction over U.S. Bank pursuant to its terms.  Plaintiff's reliance on 22 U.S.C. § 282f to provide subject matter jurisdiction is baseless.  The Complaint paraphrases Section 282f, using the term "bank" where the statute uses the term "Corporation."  Title 22 of the United States Code pertains to Foreign Relations and Intercourse.  The "Corporation" referred to in Section 282f is the "International Finance Corporation ... provided for by the Articles of Agreement of the Corporation deposited in the archives of the International Bank for Reconstruction and Development."

2

third party has now commenced proceedings in the ... Superior Court of the State of California, in and for the County of Kern, to evict the Plaintiff from his [sic] residence." The Complaint alleges causes of action to recover possession of real property, for conversion, for wrongful foreclosure, and to quiet title. The Complaint prays for "an order compelling said Defendants and each of them, to transfer legal title and possession of the subject property to Plaintiff", for "a declaration and determination that Plaintiff is the rightful holder of title to the property and that Defendants ... be declared to have no estate, right, title or interest in said property", and for "a judgment forever enjoining said defendants ... from claiming any estate, right, title or interest in the subject property."

    Attached to the Complaint is a "Petition for Removal". In the "Petition for Removal", Hicks petitions this Court "for removal of all causes of action currently pending in the Superior Court of California, in and for the County of KERN, more, specifically, the Matter of U.S. BANK V. TRACI HICKS case # S-1500-CL-220312 to the United States District Court, Central District of California, consistent with 28 U.S.C. 1441(a)."

    Hicks' application for injunctive relief seeks an injunction "enjoining the SUPERIOR COURT OF CALIFORNIA, IN AND FOR THE COUNTY OF KERN during the pendency of this action from; conducting any trial or other court proceeding in the matter of US BANK V. TRACI HICKS, SUPERIOR COURT CASE # S-1500-CL-220312" and enjoining the Kern County Superior Court "from conducting an

3

Unlawful Detainer Trial in the Matter of US BANK V. TRACI HICKS, SUPERIOR COURT CASE # S-1500-CL-220312."

    A.   **PETITION FOR REMOVAL**.

To the extent Hicks purports to remove the action pending in the Kern County Superior Court, Hicks has not complied with the requirements of 28 U.S.C. § 1446:

> (a) A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of an initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [diversity of citizenship] more than 1 year after commencement of the action.

Hicks has petitioned for removal instead of filing the

notice of removal required by Section 1446(a); the petition for removal is not signed pursuant to Rule 11, Federal Rules of Civil Procedure, the petition for removal does not contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." The petition for removal is attached to the Complaint filed in this Court by Hicks as Plaintiff. The petition for removal asserts that "where diversity of citizenship exists between the parties, the proper venue for this matter is in the Federal District Court." In Hick's Complaint, she alleges that she is a resident of California and further alleges:

> Defendant U.S. BANK is, and at all times mentioned was a Foreign Corporation based in Minnesota, and as such, not a California based corporation. Defendant Ocwen Loan servicing is also a foreign corporation with its principle place of business in the State of Florida.

These allegations are not set forth in the petition for removal. Further, no copies of any process, pleadings and orders served on Hicks in the Kern County Superior Court action are attached. Title 28 U.S.C. § 1441(b) provides in pertinent part that any action based on diversity of citizenship "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." As explained in Wright, Miller & Cooper, 14B <u>Federal Practice and Procedure</u>, § 3723, pp. 564-568 (1998):

> Despite the applicability of the general

>rules governing diversity of citizenship jurisdiction to cases removed to federal court, removal jurisdiction over diversity actions is more limited that jurisdiction over diversity of citizenship cases originally brought in federal court.  This is because Section 1441(b) explicitly provides, and the cases uniformly hold, that removal to federal court based on diversity of citizenship is available only if <u>none</u> of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought; that limitation is not to the removal of federal question cases or the federal courts' original subject matter jurisdiction over diversity cases.

The requirement of Section 1441(b) is commonly called the "no local defendant" rule.  Hicks, as the defendant in the state court action, is, as a resident of California, a "local defendant."

The Court has no authority to grant a "petition for removal".  Although the requirements of Section 1446(a) and (b) are subject to waiver, Hicks has failed to even attempt to comply with their procedural requirements.  Such utter failure requires that the purported removal must be rejected.

The caption of Hicks' pleading is entitled "Verified Petition for Warrant of Removal by Three-Judge Panel".  28 U.S.C. § 2284(a) pertains to a three-judge court:

>(a) A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body.

Hicks alleges no facts from which it may be determined that a

1  three-judge panel is required by an Act of Congress to remove the
2  pending state court action to this court.
3      Hicks' Petition for Removal is DENIED.
4      B.   **APPLICATION FOR INJUNCTIVE RELIEF**.
5      Hicks bases her application for injunctive relief on a
6  ruling in *In re Foreclosure Cases*, No. 07-CV-2282, United States
7  District Court for the Northern District of Ohio.  In these
8  cases, various Plaintiff-Lenders brought foreclosure actions in
9  the Northern District of Ohio, subject matter jurisdiction was
10 based on diversity of citizenship.  By Order filed on October 31,
11 2007, the foreclosure actions were dismissed without prejudice
12 because the Plaintiff-Lenders had not satisfied Article III's
13 requirement that the plaintiff show he has suffered some actual
14 injury as a result of the defendant's conduct.  The Northern
15 District of Ohio ruled that the Plaintiff-Lenders had not clearly
16 demonstrated that they were either the original mortgage holder,
17 assignee, trustee or successor in interest at the time of the
18 filing of the Complaint.  Hicks construes this ruling as
19 "block[ing] all foreclosures in Ohio until the Real Parties in
20 interest presents proof of ownership of the loan."
21     Hicks' reliance on this ruling as authority for the
22 injunctive relief sought by her application for preliminary
23 injunction and temporary restraining order is misplaced.  At
24 issue in that order was Article III standing.  Neither U.S. Bank
25 nor Ocwen has filed a diversity action in this Court against
26 Hicks.  Therefore, their standing under Article III to foreclose

7

against Hicks' property does not arise.

The Court takes judicial notice of the docket of the Kern County Superior Court in *U.S. Bank National Association, as Trustee for the Registered Holders of Asset-Backed Pass-Through CER v. Traci and George Hicks*, # S-1500-CL-220312.[2] The complaint for unlawful detainer was filed on October 22, 2007. An Order that summons be served by posting on the premises and mailing was issued on December 5, 2007. Proof of service was filed on January 11, 2008 showing that Hicks was served by posting and mail on December 13, 2007. The trial of the unlawful detainer was held on February 11, 2008 at which Hicks appeared *in pro per*. The docket entry states:

> THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:
>
> JUDGMENT FOR PLAINTIFF, AGAINST DEFENDANTS, DAMAGES $10,079.37, COSTS PER MEMORANDUM FOR A TOTAL OF TO BE DETERMINED.
>
> RESTITUTION OF PREMISES, WRIT OF POSSESSION TO ISSUE, FORFEITURE OF RENTAL/LEASE AGREEMENT.
>
> PLAINTIFF'S COUNSEL TO PREPARE ORDER AFTER HEARING.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court announced a doctrine that federal courts should not enjoin pending state criminal prosecutions absent a showing of the

---

[2] The Court may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the PACER system via the internet. *See* Fed. R. Evid. Rule 201(b); *United States v. Howard*, 381 F.3d 873, 876, fn.1 (9th Cir. 2004).

8

state's bad faith or harassment, or a showing that the statute is "'flagrantly and patently violative of express constitutional prohibitions.'" *Id*. at 53-54.  *Younger* premises its holding on principles of equity and comity.  A basic doctrine of equity jurisdiction is that courts of equity "should not act to restrain a criminal prosecution[] when the moving party has an adequate remedy at law and will not suffer irreparable injury." *Id*. at 43-44.  As a matter of comity, federal courts should maintain respect for state functions and should not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts.  *Id*.  *Younger* abstention is proper where (1) there are ongoing state judicial proceedings, (2) that implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982).  In *Confederated Salish v. Simonich*, 29 F.3d 1398, 1405-1406 (9th Cir. 1994), the Ninth Circuit, recognizing that the ongoing state proceeding was a civil action, stated that "[c]ivil-Younger abstention has been upheld only where a party seeks to invoke federal jurisdiction for the purpose of 'restraining state proceedings or invalidating a state law.' ...."

Here, Hicks seeks an injunction restraining an on-going civil proceeding in state court in which that court has already ruled against Hicks following a court trial.  Hicks' Complaint filed in this Court asserts no federal or constitutional claims;

9

1 rather, the Complaint alleges that U.S. Bank and Ocwen did not
2 hold the mortgage on Hicks' property, making the foreclosure
3 proceedings and trustee's sale unlawful.
4     Further, "[a]s courts of original jurisdiction, federal
5 district courts have no authority to review the final
6 determinations of a state court in judicial proceedings ... even
7 when the challenge to a state court decision involves federal
8 constitutional issues."  *Branson v. Mott*, 62 F.3d 287, 291 (9th
9 Cir.), *cert. denied,* 516 U.S. 1009 (1995).  "This legal theory,
10 commonly referred to as the *Rooker-Feldman* doctrine, precludes
11 federal adjudication of a claim that 'amounts to nothing more
12 than an impermissible collateral attack on prior state court
13 decisions.'" *Ignacio v. Judges of U.S. Court of Appeals for Ninth*
14 *Circuit,* 453 F.3d 1160, 1165 (9th Cir.2006).
15     Hicks' Application for Preliminary Injunction and Temporary
16 Restraining Order is DENIED.
17     IT IS SO ORDERED.
18 **Dated:   February 19, 2008**               /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE