# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACI HICKS, | Case No. 08-cv-0207 OWW TAG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT |
| vs. | (Doc. 1) |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN, et. al., | |
| Defendants. | OBJECTIONS DUE IN 15 DAYS |

On February 11, 2008, Traci Hicks ("Hicks"), a non-prisoner proceeding pro se, filed a document entitled "Notice of Petition and Verified Petition for Warrant of Removal by Three-Judge Panel: 28 U.S.C. Section 1441(a), Complaint for Damages Wrongful Foreclosure, Conversion, Complaint to Quiet Title to Real Property; Injunctive Relief 22 U.S.C. § 282f."  (Doc. 1). The Court construes the document as a complaint.  This matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302.

A federal court may dismiss sua sponte if jurisdiction is lacking. Fiedler v. Clark, 714 F.2d 77, 78 (9th Cir. 1993)(citing Mansfield, Coldwater & Lake Mich. Railway Co. v. Swain, 111 U.S. 379, 383 (1884); Franklin v. Oregon State Welfare Div., 662 F. 2d 1337, 1342 (9th Cir. 1981).  The trial court may also dismiss a claim sua sponte for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987)(citing Wong v. Bell, 642 F.2d 359, 361-362 (9th Cir. 1981); McNamara v. Jones, 2007 WL 4358278, Case No. 05-35972 (9th Cir. Dec. 10, 2007).  The Court has screened Hicks' complaint for adequacy, and issues these Findings and Recommendations thereon.

The pleadings

The complaint seeks monetary damages and declaratory and injunctive relief related to foreclosure proceedings and a related unlawful detainer action brought by defendants U.S. Bank and Ocwen Financial Corporation ("Ocwen"). It also names the Superior Court of California, County of Kern ("Superior Court"), and Does 1-20 as defendants. (Doc. 1, pp. 1-9). Attached to the complaint is a document entitled "Petition for Removal," requesting removal of an unlawful detainer action pending against Hicks in the Superior Court to the United States District Court for the Central District of California. (Doc. 1, pp. 10-11). The petition for removal was denied on February 19, 2008. (Doc. 9).

The complaint

The complaint alleges claims for recovery of possession of real property, conversion, wrongful foreclosure, and quiet title. In the first claim, Hicks alleges that she owns or is entitled to possession of real property in Bakersfield, California. (Doc. 1, p. 3, lines 21-24). She alleges that the "Defendant" has no legal or equitable interest in the property, and seeks a declaration that title is vested exclusively in her. (Doc. 1, p. 4, lines 5-16). In the second claim, Hicks alleges that on September 1, 2007, Defendants U.S. Bank and Ocwen served a notice of trustee's sale, and Ocwen began foreclosure proceedings. Hicks alleges that Ocwen failed to provide an accurate accounting of her home loan. (Doc. 1, p. 5, lines 1-7). Hicks alleges that U.S. Bank and Ocwen do not own the mortgage on her residence, and thus they were not entitled to foreclose against it. (Doc. 1, p. 5, lines 10-17). She alleges that on or about September 1, 2007, U.S. Bank and Ocwen entered into an agreement to convert her property to themselves, and sold it to a third party. (Doc. 1, p. 5, lines 13-17).

Hicks' third claim alleges that on or about December 3, 2007, Defendants U.S. Bank and Ocwen wrongfully foreclosed on her residence and sold it to a third party, who commenced proceedings in the Superior Court to evict her from her residence. (Doc. 1, p. 6, lines 16-23). She alleges that at the time the notice of trustee's foreclosure sale was served, neither U.S. Bank nor Ocwen had the capacity to initiate foreclosure proceedings because they were mortgage servicing

2

companies and did not own the mortgage on her residence. (Doc. 1, p. 6, lines 2-13).  Hicks alleges that the Superior Court lacked jurisdiction to consider the unlawful detainer action  because U.S. Bank and Ocwen lacked the capacity to foreclose. (Doc. 1, p. 6, lines 27-28; p. 7, lines 1-2).  Hicks' fourth claim is for quiet title.  In that claim, she alleges that on or about December 3, 2007, U.S. Bank and Ocwen wrongfully foreclosed on her residence, and sold it to a third party, who commenced eviction proceeding against her in the Superior Court . (Doc. 1, p. 7, lines 16-24).  Hicks seeks an order compelling Defendants U.S. Bank and Ocwen to transfer legal title and possession of the property to her, a declaration that she is the rightful owner, a judgment enjoining Defendants from claiming any interest in the property, and for costs of suit.   (Doc. 1, p. 9, lines 1-15).

1.  Screening the complaint

When considering the adequacy of a complaint under Rule 12(b)(6) standards, all allegations of material fact alleged in the complaint are taken as true and construed in favor of the plaintiff. Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996).  Moreover, the court's review generally is limited to the contents of the pleading.  However, the court may also consider certain other matters, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.  United States v. Ritchie, 342 F.3d 903, 907-908 (9th Cir. 2003)(discussing motions to dismiss).

A complaint may be dismissed for failure to state a claim if it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229 (1984) (citation omitted); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support claims."  Scheurer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974), overruled on other grounds by Davis v. Scherer,  468 U.S. 183, 104 S.Ct. 3012 (1984); Gilligan v. Jamco Development Corp., 108 F.3d 246, 249 (9th Cir. 1997).

///

If the Court determines that the complaint fails to state a claim and dismisses the complaint, it must also decide whether to grant leave to amend the complaint. Leave to amend should be granted unless it is obvious that the deficiencies of the complaint cannot be cured by amendment and an opportunity to amend would be futile. <u>Doe v. United States</u>, 58 F.3d 494, 497 (9th Cir. 1995)(citations omitted). Pro se pleadings may be construed liberally. See <u>Balistreri v. Pacifica Police Department</u>, 901 F.2d 696, 699 (9th Cir. 1990).

2. <u>The complaint fails to allege grounds for federal question jurisdiction</u>

Federal courts have limited jurisdiction. "They possess only that power authorized by Constitution and by statute." <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 511 U.S. 375, 377, 114 S. Ct. 1673 (1994). A complaint must contain a short and plain statement of the grounds for the district court's jurisdiction. Fed. R.Civ.P. 8(a)(1). Accordingly, this Court's Local Rules also provide:

> When an affirmative allegation of jurisdiction is required pursuant to Fed.R.Civ.P. 8(a)(1), it (i) shall appear as the first allegation of any complaint ... (ii) shall be styled "Jurisdiction," (iii) shall state the claimed statutory or other basis of federal jurisdiction, and (iv) shall state the facts supporting such jurisdictional claim."

Local Rule 8-204.

As discussed, <u>supra</u>, the complaint alleges claims for recovery of possession of real property, conversion, wrongful foreclosure, and quiet title. Each of these claim is a state law claim. However, the complaint alleges that jurisdiction exists, on the following ground:

> "The Federal District Court has jurisdiction because, For the purpose of any action which may be brought within the United States . . . by or against the Bank in accordance with the agreement, the Bank shall be deemed to be an inhabitant of the Federal judicial district in which its principal office in the United States is located, and any such action at law or in equity to which the Bank shall be a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of any such action. When the Bank is a defendant in any such action, it may, at any time before the trial thereof, remove such action from a State court into the district court of the United States for the proper district by following the procedure for removal of causes otherwise provided by law."

(Doc. 1, p. 2, lines 12-27, p. 3, lines 1-2).

The complaint fails to allege a legitimate ground for federal question jurisdiction. The face sheet of the complaint refers to 22 U.S.C. § 282f. The body of the complaint paraphrases the

4

language of § 282f, replaces the statute's use of the term "Corporation" with the word "Bank, and omits the statutory language "Articles of."  Title 22 is part of a comprehensive statutory scheme related to foreign affairs and commerce, and an international organization of which the United States is a member.  See 22 U.S.C. § 282a-282j.  The term "Corporation" as used in the §282f refers to the "International Finance Corporation ... provided for by the Articles of Agreement of the Corporation deposited in the archives of the International Bank for Reconstruction and Development." 22 U.S.C. § 282.  Hicks' substitution of statutory terms is misguided, to say the least, and her reliance on 22 U.S.C.§ 282f to provide subject matter jurisdiction in this case is meritless. (See Doc. 9).

### 3. The complaint fails to allege grounds for diversity jurisdiction

The diversity jurisdiction statute provides in relevant part that a federal court has jurisdiction over an action involving citizens of different States and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332.  Diversity jurisdiction is based on citizenship, not residency.  To be a citizen of a State for diversity purposes, a natural person must be both a citizen of the United States and domiciled within that State. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  A corporation is a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. § 1332(c). The party seeking to invoke the federal court's jurisdiction bears the burden of establishing that jurisdiction exists.  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).

The diversity statute requires that all parties to the action be either citizens of different States, or citizens or subjects of a foreign State.  28 U.S.C. § 1332(a).  Here, the complaint alleges that Hicks is a resident of California, that "Defendant U.S. Bank is, and at all times herein mentioned was a Foreign Corporation based in Minnesota, and as such, not a California based corporation," and that "Defendant Ocwen Loan servicing is also a foreign corporation with its principle (sic) place of business in the State of Florida."  (Doc. 1, p. 2, lines 1-10).  The closest the complaint comes to alleging the citizenship of Defendant U.S. Bank, is the allegation that it is "based in Minnesota," which the Court construes to mean that its principal place of business is in Minnesota.  Nevertheless, the complaint also names the Superior Court as a defendant. (Doc. 1, p. 1).  California superior and

appellate courts are branches of the State of California.  See Cal. Const. Art. VI.  Because the Superior Court is a defendant, not all parties to the action are citizens, or citizens of different States.  Accordingly, the complaint fails to establish that diversity jurisdiction exists.

      4.  Defendant Superior Court has Eleventh Amendment Immunity

The fact that the complaint names the Superior Court as a defendant also raises the bar of immunity under the Eleventh Amendment to the United States Constitution. U.S. Const. amend. XI.  The Eleventh Amendment bars a citizen from filing an action against a State in federal court, including actions filed by a citizen against his own State. Micomonaco v. State of Washington, 45 F.3d 316, 319 (9th Cir. 1995).[1]  A California superior court is State agency, and an action against a California superior court is an action against the State of California. Greater L.A. Council on Deafness, Inc. V. Zolin, 812 F.2d 1103, 1110 (9th Cir. 1987).  Accordingly, the Superior Court is entitled to immunity under the Eleventh Amendment and Hicks' claims against it are barred.  See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003)(holding that Eleventh Amendment bars suit against the state superior court).

      5.  The complaint should be dismissed under the Younger abstention doctrine

In Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971), the Supreme Court promulgated the doctrine that federal courts should not enjoin pending state court criminal prosecutions without a showing of the State's bad faith or harassment, or a showing that the statute is "flagrantly and patently violative of express constitutional prohibitions." Id. at 53-54.  "Under Younger and its progeny, federal courts should abstain from intervening in pending state judicial proceedings out of deference to the interests of comity and federalism." Kleenwell Biohazard Waste & General Ecology Consultants, Inc. v. Nelson, 48 F. 3d 391, 394 (9th Cir. 1995).   401 U.S. 37, 43-44, 91 S.

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or in equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

6

Ct. 746 (1971).[2]  Younger abstention is proper where (1) there are ongoing state court proceedings, that (2) implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions. Middlesex County Ethics Comm. v. Garden State Bar Association, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982).  Where the state court proceeding is a civil action, "civil Younger abstention has been upheld only where a party seeks to invoke federal jurisdiction for the purpose of 'restraining state proceeigns or invalidating a state law.'" Confederated Salish v. Simonich, 29 F.3d 1398, 1405-1406 (9th Cir. 1994).

The Court takes judicial notice of the Superior Court's docket in U.S. Bank National Association, as Trustee for the Registered Holders of Asset-Backed Pass-Through CER v. Traci and George Hicks, case number S-1500-CL-220312.[3]    The complaint for unlawful detainer was filed on October 22, 2007.  An order that summons be served by posting on the premises and mailing was issued on December 5, 2007.  Proof of service was filed on January 11, 2008 showing that Hicks as served by posting and mail on December 13, 2007.  The trial of the unlawful detainer was held on February 11, 2008, at which Hicks appeared in pro per.  The trial docket entry states:

> "THE COURT MAKES THE FOLLOWING FINDINGS AND ORDERS:
>
> JUDGMENT FOR PLAINTIFF,  AGAINST DEFENDANTS,
> DAMAGES $10,079.37,  COSTS PER MEMORANDUM, FOR
> A TOTAL OF TO BE DETERMINED.
>
> RESTITUTION OF PREMISES.  WRIT OF POSSESSION
> TO ISSUE.  FORFEITURE OF RENTAL/LEASE AGREEMENT.
>
> PLAINTIFF'S COUNSEL TO PREPARE ORDER AFTER HEARING."

---

[2] The Superior Court's docket sheet reflects that no final judgment has been issued as of the date of this ruling.  If the Superior Court action were to result in a final judgment, Hicks would also be barred from seeking review of the judgment in federal district court under the Rooker-Feldman doctrine. Under this doctrine, "[t]he United States District Court, as a court of original jurisdiction, has no authority to review the final determinations of a state court in judicial  proceedings." Worldwide Church of God v. McNair, 805 F.2d 888, 890 (9th Cir. 1986); see Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir. 2003).

[3] The Court may take judicial notice of matters of public record, including court records available to the public through the PACER system and via the internet. See Fed. R.Evid.Rule 201; United States v. Howard, 381 F. 3d 873, fn. 1 (9th Cir. 2004).

Here, Hicks asks the federal court to provide injunctive relief to restrain an on-going unlawful detainer action in the Superior Court after the court ruled against her in a court trial. Hicks also asks the federal court to issue an order declaring that she is entitled to possession, and returning the property to her, after the Superior Court ruled that she is not entitled to possession. Hicks asserts no federal or constitutional claims in the complaint. Instead, she alleges that the foreclosure and unlawful detainer proceedings were unlawful because Defendants U.S. Bank and Ocwen did not hold the mortgage on her property. In accordance with the abstention doctrine under Younger, this Court should abstain from intervening in or circumventing the on-going Superior Court proceedings. Younger, 401 U.S. at 43.

6. The complaint fails to allege grounds for a three judge court

Hicks' complaint is entitled "Verified Petition for Warrant of Removal by Three-Judge Panel." The use of a three judge court is contemplated by 28 U. S.C. 2284(a), which provides that "[a] district court of three judges shall be convened when otherwise required by an Act of Congress, or when an action is filed challenging the constitutionality or the apportionment of congressional districts or the apportionment of any statewide legislative body." The complaint alleges no facts to support the conclusion that a three-judge panel is required in this action.

**CONCLUSION AND RECOMMENDATIONS**

After reviewing the complaint, the Court concludes that Hicks has failed to state a claim upon which relief can be granted. The complaint reflects jurisdictional deficiencies and immunities that cannot be cured by amendment, and it would be futile to provide an opportunity to amend.

Based on the foregoing, the Court recommends that complaint (Doc. 1) be DISMISSED, with prejudice, for failure to state a claim upon which relief can be granted.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations."   Replies to the objections shall be filed within ten <u>court</u> days (plus three days if served by mail) after service of the objections. The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 5, 2008**                                              /s/ Theresa A. Goldner
                                                                                                    UNITED STATES MAGISTRATE JUDGE